**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANIELLE ROSS, individually and as next | ) | |
| of kin to MARQUIEL D. ROSS, deceased, and | ) | |
| ESTATE OF MARQUIEL D. ROSS, ex rel., | ) | |
| RACHEL MACON, as Administrator, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-472-J |
| | ) | |
| STEVEN HARPE, in his individual and official | ) | |
| capacities as Director of the Oklahoma | ) | |
| Department of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs filed a Petition in Oklahoma County District Court alleging constitutional and state law violations against (1) Steven Harpe, Director of the Oklahoma Department of Corrections (ODOC), (2) Christie Quick, Warden of the Oklahoma State Penitentiary (OSP), (3) John Doe/Kelli Davis, Warden of the Jess Dunn Correctional Center (JDCC),[1] (4) John and Jane Does 2-10, and (5) the ODOC. (Compl.)[2] [Doc. No. 1-2]. Defendants Harpe, Quick, Davis, and ODOC removed the case to this Court and have moved for dismissal (Defs.' Mot.) [Doc. No. 4]. Plaintiffs have responded (Pls.' Resp.) [Doc. No. 7] and Defendants replied [Doc. No. 8]. For the reasons discussed below, Defendants' motion is GRANTED IN PART.[3]

---

[1] Plaintiffs name John Doe, JDCC Warden. Defendants identified this individual as Kelli Davis and Plaintiffs appear to agree with the identification.

[2] Although the state court pleading is entitled "Petition," the Court now refers to it as the "Complaint." *Betterton v. World Acceptance Corp.*, No. CIV-22-238-SLP, 2023 WL 2914287, at *1 (W.D. Okla. Apr. 12, 2023).

[3] The Court declines to address all of Defendants' grounds for dismissal. *See infra* at 9, n. 8.

I.      **Background**

Construing the well-plead allegations in the Complaint as true, *see infra* at 3, Marquiel D. Ross (Ross) was incarcerated within ODOC on a non-violent offense.  He was transferred from the Jackie Brannon Correctional Center (JBCC), a minimum-security facility, to OSP, a maximum-security facility, and placed in a cell with Justin Harris (Harris), a known violent offender with a documented history of dangerous behavior.  Ross was held past his release date – November 19, 2023 – without cause and on September 12, 2024, he was found dead in his cell.  Harris has been charged with Ross's murder.

Plaintiffs name Defendants in their individual and official capacities and sue under 42 U.S.C. § 1983[4] alleging (1) deliberate indifference in transferring Ross to a high-security unit, (2) deliberate indifference in failing to act on knowledge of threats to his safety, ignoring his requests for protection, and failing to perform adequate security checks, and (3) due process violations in failing to release him in a timely manner.  Plaintiffs also sue under state law for negligence and wrongful death.

II.     **Standard for Review**

Defendants seek dismissal under Federal Rules of Civil Procedure 8 and 12(b)(6).  Fed. R. Civ. P. 8 (a)(2) provides that the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).  Because Plaintiffs sued under § 1983 and included "the government agency and a

---

[4] 42 U.S.C. § 1983 reads, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

number of government actors sued in their individual capacities," "it is particularly important . . .
that the [C]omplaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each
individual with fair notice as to the basis of the claims against him or her, as distinguished from
collective allegations against the state." *Id.* at 1249-50.

Fed. R. Civ. P. 12(b)(6) requires the Complaint to "contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009) (cleaned up). The Court must construe the allegations in the Complaint in the
light most favorable to Plaintiffs. *See Buckley Constr., Inc. v. Shawnee Civil and Cultural Dev.
Auth.*, 933 F.2d 853, 855 (10th Cir. 1991). However, "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements" are not sufficient to state a claim for
relief. *Iqbal*, 556 U.S. at 678. "An allegation is conclusory where it states an inference without
stating underlying facts or is devoid of any factual enhancement." *Brooks v. Mentor Worldwide
LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

III.    <u>Analysis</u>

A.    **Official Capacity Claims**

1.    **Eleventh Amendment Immunity**

Defendants first seek dismissal of any claim for monetary damages alleged against ODOC
or Defendants Harpe, Quick, and Davis in their official capacities. *See* Defs.' Mot. at 13-14.[5] The
Court GRANTS the motion.

It is well understood that "Eleventh Amendment sovereign immunity bars suits for money
damages against states, state agencies, and state officers in their official capacities." *Chilcoat v.
San Juan Cnty.*, 41 F.4th 1196, 1213 (10th Cir. 2022). Here, Defendants removed this case from

---

[5] All page citations refer to this Court's CM/ECF pagination.

state court, thus waiving their Eleventh Amendment immunity from *suit*; however, this removal did not waive their Eleventh Amendment immunity from *liability*. *See Trant v. Oklahoma*, 754 F.3d 1158, 1172-73 (10th Cir. 2014) (distinguishing between immunity from suit, which can be waived with removal to federal court, and immunity from liability); *Bright v. Univ. of Okla. Bd. of Regents*, 705 F. App'x 768, 769 n.2 (10th Cir. 2017) ("A state that removes a case to federal court waives its Eleventh Amendment immunity from suit in federal court but not its sovereign immunity from liability."); *Beaulieu v. Vermont*, 807 F.3d 478, 490 (2d Cir. 2015) (citing *Trant* with approval and noting that the Tenth Circuit "cited with approval [other] Circuit decisions . . . that analyzed state sovereign immunity as consisting of both immunity from suit in a federal forum, which is waived by voluntary removal to federal court, and immunity from liability in both state and federal fora, which is not so waived"). Thus, the Court GRANTS Defendants' motion to dismiss Plaintiffs' claims for monetary relief alleged against Defendants in their official capacities.

### 2.    The "Persons" Requirement in § 1983

Alternatively, Defendants also urge that in their official capacities, they are not "persons" subject to suit under § 1983. *See* Defs.' Mot. at 14-15. The Court again agrees. *See supra* at n. 3 (quoting § 1983); *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1135 (10th Cir. 2024) ("It has long been settled that neither states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983 for monetary damages." (cleaned up)). Thus, even if Defendants waived their Eleventh Amendment immunity to monetary damages, the Court GRANTS their motion to dismiss and DISMISSES the claims for monetary damages alleged against Defendants ODOC, Harpe, Quick, and Davis in their official capacities.

### B.    Individual Capacity Claims

The Court next turns to Defendants' motion to dismiss the various individual capacity claims.

### 1.    Defendant John Doe/Kelli Davis, JDCC Warden

Defendants seek dismissal of Defendant Davis, JDCC Warden, on grounds that Plaintiff failed to make any allegations against her.  *See* Defs.' Mot. at 15-16.  In response, Plaintiffs concede that Defendant Davis "was incorrectly named due to a typographical error arising from the similarity between the abbreviations JDCC and JBCC."  Pls.' Resp. at 12.  Plaintiffs "agree to dismiss Warden Davis from this action and respectfully request leave of Court to substitute the proper defendant."  *Id.*

Accordingly, the motion to dismiss Defendant John Doe/Kelli Davis, JDCC Warden is GRANTED and she is DISMISSED without prejudice from this action.  Plaintiffs' request to amend is addressed below.  *See infra* at 9.

### 2.    Defendants Harpe and Quick

To hold Defendants Harpe and Quick liable in their individual capacities, Plaintiffs must allege sufficient facts to show an "affirmative link" between the alleged violations and Defendants' "personal participation, . . . exercise of control or direction, or . . . failure to supervise."  *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

"The exercise of control which may create the affirmative link does not need to be on-the-ground, moment-to-moment control;" instead, "the establishment or utilization of an unconstitutional policy or custom can serve as the supervisor's affirmative link to the constitutional violation."  *Dodds v. Richardson*, 614 F.3d 1185, 1199 (cleaned up; citation omitted)).  "Where an official with policymaking authority creates, actively endorses, or implements a policy which is

5

constitutionally infirm, that official may face personal liability for the violations which result from the policy's application." *Id.*; *see also Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) ("A plaintiff may . . . succeed in a § 1983 suit . . . against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." (cleaned up)).

For their failure to supervise theory, Plaintiffs must set forth sufficient facts to show Defendants "set into motion a series of events that [they] knew or reasonably should have known would cause others to deprive [Ross] of [his] constitutional rights." *Arnold v. City of Olathe, Kansas*, 35 F.4th 778, 793 (10th Cir. 2022) (cleaned up).  For any theory involving a failure to train, Plaintiffs must allege facts to show "essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Currier v. Doran*, 242 F.3d 905, 925 (10th Cir. 2001).

With this framework, Defendants argue that Plaintiffs' allegations are conclusory, *see* Defs.' Mot. at 17-18, 22-25, and the Court agrees.  Beginning with personal participation, Plaintiffs do not allege that either Defendant Harpe and/or Quick personally knew that Ross had been held past his release date.  *See* Compl., *passim*.  Additionally, Plaintiffs' general allegation that "Defendants knew or should have known that housing Mr. Ross with Justin Harris posed a significant danger to his safety . . . and disregarded Mr. Ross's repeated requests for protection," *id.* at 4; *see also id.* at 7, is insufficient to state a claim that either Defendant Harpe, the ODOC Director, or Defendant Quick, the OSP Warden, had *personally* been made aware of the alleged

6

danger and/or request for protection.[6]  *See Pauls*, 718 F.3d at 1225-26 ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights were violated will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that defendants infringed his rights." (cleaned up)); *Shauf v. Rios*, 313 F. Supp. 3d 1262, 1269 (W.D. Okla. 2018) ("[T]o warrant [a] presumption of truth, Plaintiff must accompany his conclusory phrase 'knew or should have known' with facts – be they circumstantial or direct – that make deliberate indifference 'plausible.' (citations omitted)).

Turning to Defendants' alleged exercise of control or direction and failure to train and/or supervise theories, Plaintiffs state only generally that Defendants Harpe and Quick "promulgated or failed to correct policies, practices and customs," failed to correct systemic deficiencies, and "failed to train and supervise correctional staff adequately."  Compl. at 8.  But such statements fail to allege that any specific policy was unconstitutional and otherwise lack sufficient factual support. *See Brashear v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, 402 F. Supp. 3d 1279, 1286 (W.D. Okla. 2019); *Burris v. Oklahoma, ex rel., Oklahoma Dep't of Corr.*, No. CIV-13-867-D, 2014 WL 442154, at *6 (W.D. Okla. Feb. 4, 2014) (holding that plaintiff used all the relevant catchphrases but without sufficient facts about the lack of training, supervision, or policies, such allegations

---

[6] In their Response, Plaintiffs claim the Complaint (1) "explicitly alleges Mr. Ross repeatedly informed prison staff of threats and requested protection – pleas that Quick personally ignored, despite knowing of the substantial risk to Mr. Ross's safety;" (2) alleges that Defendant Quick's "deliberate inaction in the face of specific warnings" facilitated Ross's death; (3) "specifically states that Harpe had actual knowledge of dangerous inmate housing practice and systemic deficiencies . . . yet failed to correct these conditions;" and (4) alleges that "Director Harpe and the Wardens knew of the significant dangers posed to inmates due to severe staffing shortages, inadequate monitoring, and a history of inmate violence."  Pls.' Resp. at 14-15, 17; *see also id.* at 20.  Plaintiffs cite the Complaint at ¶¶4, 24-25, 44-48, 50-55 in support.  However, at best the allegations in these paragraphs only generally suggest that Ross requested protection.  The statements in these paragraphs do not specify when Ross complained and to whom, nor do they contain any facts suggesting either Harpe or Quick had personally been informed about Ross's transfer, his requests for protection, or other dangerous housing practices at OSP.

were too conclusory to state an affirmative link between the alleged violations and the supervising officer); *Affordable Bail Bonds, Inc. v. Tulsa Cnty. Sheriff's Off.*, No. 14-CV-332-JED-FHM, 2019 WL 1983252, at *3 (N.D. Okla. May 3, 2019) ("Plaintiffs' . . . conclusory allegation concerning Glanz's failure to sufficiently monitor and supervise those empowered by the badge and rank bestowed upon them is insufficient to show that Glanz's own conduct plausibly caused any constitutional deprivation." (cleaned up)).

For these reasons, the Court GRANTS Defendants' motion to dismiss the § 1983 individual capacity claims alleged against Defendants Harpe and Quick and DISMISSES the claims without prejudice.

## C.    Requests for Declaratory and Injunctive Relief

Plaintiffs seek declaratory relief, asking the Court to find that Defendants violated Ross's rights, and injunctive relief, asking the Court to require Defendants to revise policies, implement proper training and supervision, and comply with policies for notifying next of kin and preserving crime scenes. *See* Compl. at 11-12.  The Court GRANTS Defendants' motion to dismiss both requests for relief.

First, Defendants correctly note that the Eleventh Amendment prohibits claims "for retroactive declaratory relief." *Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

Second, because Ross is deceased, no prospective injunctive order could have any effect on Defendants' behavior towards him.[7]  As such, the requests for injunctive relief are moot. *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) ("The request for a reevaluation of the Medicaid applications became moot with the deaths of Ms. Lamle and Ms. Houston because their

---

[7] Plaintiffs argue that "class-based claims are not affected by the death of an individual inmate." Pls.' Resp. at 25.  But this is not a class-based suit.

injuries had ended without any chance of reoccurring."); *Underwood v. Oklahoma Pardon & Parole Bd.*, No. CIV-24-1266-G, 2025 WL 211247, at *1 (W.D. Okla. Jan. 15, 2025) (prisoner's "death renders his claims for prospective relief moot and deprives the Court of subject-matter jurisdiction over this action").

For these reasons, the Court GRANTS Defendants' motion to dismiss Plaintiffs' requests for declaratory and injunctive relief without prejudice.

## IV.    Conclusion

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss and DISMISSES the official and individual capacity § 1983 claims against Defendants ODOC, Harpe, Quick, and Davis, and Plaintiffs' requests for declaratory and injunctive relief, without prejudice.[8]

Plaintiffs request permission to amend to cure any errors. The Court generally agrees that amendment would not be futile; however, the better approach is for Plaintiffs to file the appropriate motion, in accordance with Fed. R. Civ. P. 15(a)(2) and LCvR 15.1. *See Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (noting that "a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based" (cleaned up)). If Plaintiffs wish to do so, their motion to amend should be filed on or before July 11, 2025. Should Plaintiffs elect not to move for permission to file an Amended Complaint, the Court will set the appropriate deadline for Plaintiffs to identify the remaining John and Jane Does 2-10. *See Culp v.*

---

[8] The Court does not address Defendants' remaining arguments for dismissal of the federal claims. It also does not address Defendants' motion to dismiss the state law claims based on Plaintiffs' failure to specifically allege compliance with the Oklahoma Governmental Tort Claims Act. Plaintiffs attached their notification to the Response and Defendants' argument that the notice is insufficient because it was sent to the wrong agency is an argument raised for the first time on reply. *See Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 676 n. 9 (10th Cir. 2016) ("We generally do not consider arguments raised for the first time in a reply brief.").

*Williams*, 456 F. App'x 718, 720 (10th Cir. 2012) ("The Federal Rules of Civil Procedure do not permit . . . actions against unnamed defendants following a suitable length of time for the plaintiff to identify the John Does." (cleaned up)).

IT IS SO ORDERED this 11th day of June, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE