**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANIELLE ROSS, individually and as next | ) | |
| of kin to MARQUIEL D. ROSS, deceased, and | ) | |
| ESTATE OF MARQUIEL D. ROSS, ex rel., | ) | |
| RACHEL MACON, as Administrator, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-472-J |
| | ) | |
| STEVEN HARPE, in his individual and official | ) | |
| capacities as Director of the Oklahoma | ) | |
| Department of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs filed a Petition in Oklahoma County District Court alleging constitutional and state law violations against (1) Steven Harpe, Director of the Oklahoma Department of Corrections (ODOC), (2) Christie Quick, Warden of the Oklahoma State Penitentiary (OSP), (3) John Doe/Kelli Davis, Warden of the Jess Dunn Correctional Center (JDCC), (4) John and Jane Does 2-10, and (5) the ODOC. [Doc. No. 1-2]. The case was removed to this Court and on Defendants' motion to dismiss, the Court, in relevant part, dismissed Plaintiffs' claims:

- for monetary damages alleged against Defendants ODOC, Harpe, Quick, and Davis in their official capacities under the Eleventh Amendment;

- for monetary damages against Defendants ODOC, Harpe, Quick, and Davis in their official capacities as they are not "persons" under 42 U.S.C. § 1983;

- against Defendants Harpe and Quick, in their individual capacities, based on conclusory allegations; and,

- for declaratory and injunctive relief.

[Doc. No. 9].

Plaintiffs were then granted permission to file a motion to amend, in accordance with Fed. R. Civ. P. 15(a)(2) and LCvR 15.1, on or before July 11, 2025. *See id.*

On July 14, 2025 Plaintiffs filed an untimely motion to amend. They again name Defendant ODOC, and Defendants Harpe, Quick, and others, in their individual and official capacities and seek compensatory and punitive damages. [Doc. No. 10 & Ex. 1]. Defendants object to the motion to amend, noting that the motion was untimely and the proposed amended complaint renames ODOC as a defendant and realleges official capacity claims that the Court has already dismissed. [Doc. No. 12]. Defendants also claim that Plaintiffs did not cure the errors related to claims against Defendants Harpe and Quick in their individual capacities. *See id.*

On review, the Court DENIES the motion to amend [Doc. No. 10] but without prejudice to being reasserted. Although the Court believes that Plaintiffs have sufficiently amended their allegations against Defendants Harpe and Quick in their individual capacities,[1] the proposed pleading again names ODOC as a Defendant and seeks monetary relief from Defendants in their official capacities.

Plaintiffs are granted one last opportunity to seek amendment. That motion is due no later than August 18, 2025 and will be stricken if not timely filed (without the Court's prior approval). Repeated inclusion of dismissed parties and/or dismissed claims will likely result in any motion to amend being denied.

IT IS SO ORDERED this 4th day of August, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no finding as to whether those allegations state a valid claim for relief.

2