## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIELLE ROSS, individually, and as next of kin to MARQUIEL D. ROSS, deceased, and ESTATE OF MARQUIEL D. ROSS, *ex rel.*, RACHEL MACON, as Administrator,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STEVEN HARPPE, in his individual and official capacities as Director of the Oklahoma Department of Corrections; *et al.*,<br><br>　　　　Defendants. | **CASE NO. 25-cv-472-J** |

## <u>ANSWER OF DEFENDANTS HARPE AND QUICK</u>

Defendants, Steven Harpe in his individual capacity, and Christy Quick, in her individual capacity, submit their Answer to Plaintiff's Amended Complaint [Doc. 16].

### PARTIES

1.　Defendants are without sufficient knowledge to respond to the allegations in Paragraph 1 and they are therefore denied.

2.　Defendants are without sufficient knowledge to respond to the allegations in Paragraph 2 and they are therefore denied. Defendants deny any damages suffered were a result of any action or inaction on their part.

3.　Defendants are without sufficient knowledge to respond to the allegations in Paragraph 3 and they are therefore denied.

4. Defendants admit the allegations in Paragraphs 4-7.

5. Defendants are without sufficient knowledge to respond to the allegations in Paragraph 8 and they are therefore denied.

## JURISDICTION AND VENUE

6. Defendants admit the allegations in Paragraphs 9 and 10.

7. Defendants admit that Ross died in ODOC custody on September 12, 2024. Defendants deny the remaining allegations in Paragraph 11.

8. Defendants deny the allegations contained in Paragraphs 12 and 13.

9. Defendants admit that Ross was transferred to OSP, but deny the remaining allegations in Paragraph 14.

10. Defendants Deny the allegations in Paragraph 15.

11. Defendants admit that Ross was placed in a cell with Harris. Defendants deny the remaining allegations in Paragraph 16.

12. Defendants deny the allegations in Paragraph 17.

13. Defendants admit that Ross was found in his cell. Defendants deny the remaining allegations contained in Paragraph 18.

14. Defendants deny the allegations contained in Paragraphs 19-34.

15. Defendants are without sufficient information to admit or deny the allegations in Paragraph 35 and they are therefore denied. Defendants further deny that Ross was held past his discharge date.

16. Defendants deny the allegations contained in Paragraphs 36-42.

17. No response is required to the allegations contained in Paragraph 43 or 44.

**Individual Capacity Allegations for Defendant Steven Harpe (ODOC Director)**

18. Defendants admit the allegations contained in Paragraph 45.

19. Defendants deny the allegations contained in Paragraphs 46-49. Additionally, any claims against Defendant Harpe based on Plaintiff's claims of overcrowding have been dismissed.

**Individual Capacity Allegations for Defendant Christe Quick (Warden and Deputy Warden of OSP)**

20. Defendants deny the allegations contained in Paragraphs 50-54 of Plaintiff's Amended Complaint.

**Individual Capacity Allegations for Defendant Kameron Harvanek (Warden of HMCC)**

21. No response is required of these Defendants for Paragraphs 55-59.

## CLAIMS FOR RELIEF

**First Cause of Action: 42 U.S.C. 1983 Against Defendants in their Individual Capacity**

22. No response is required to Paragraphs 60-62.

23. Defendants deny the allegations contained in Paragraph 63.

24. Any claims of overcrowding or understaffing against Defendant Harpe have been dismissed. Defendants deny the allegations contained in Paragraph 64.

25. Defendants deny the allegations contained in Paragraphs 65-70.

**Second Cause of Action: Supervisory Liability under 1983 Against Defendants in Supervisory Roles**

26. No response is required to Paragraphs 71-72.

27. Defendants deny the allegations contained in Paragraphs 73-82.

**Third Cause of Action: Canton Liability under 42 U.S.C. 1983 Against Defendants in their Individual Capacities**

28. No response is required for Paragraphs 83-84.

29. Defendants deny the allegations contained in Paragraph 85. The cases cited by Plaintiff dealt with local municipalities, not the State.

30. Defendants deny the allegations contained in Paragraphs 86-91. Additionally, this Court has dismissed any claims against Defendant Harpe for failure to train and supervise, and against Defendant Quick for failure to supervise.

**Fourth Cause of Action: Violation of Due Process Rights**

31. No response is required to Paragraphs 92-93.

32. Any claims of Due Process against Defendant Quick have been dismissed, and no response is required. Defendant Harpe denies the allegations contained in Paragraphs 94-103.

**Fifth Cause of Action: Cruel and Unusual Punishment**

33. No response is required to Paragraphs 104-105.

34. Defendants deny the allegations contained in Paragraphs 106-115.

**Sixth Cause of Action, Seventh Cause of Action, Eighth Cause of Action, Ninth Cause of Action**

35. No response is required for Paragraphs 122-144 as all state claims have been dismissed.

Defendants further deny the allegations contained in the "WHEREFORE" paragraph.

## Affirmative Defenses

1. Defendants are entitled to sovereign immunity.

2. Plaintiffs fail to state a claim upon which relief may be granted.

3. Defendants are entitled to qualified immunity.

4. Defendants' actions or inactions did not amount to any constitutional violations.

5. Defendants' actions or inactions were conducted within the scope of their legal authority and in accordance with the Department of Corrections policies and procedures.

6. Defendants did not personally participate in any alleged constitutional violation.

7. Defendants' actions were objectively reasonable in light of the facts and circumstances.

8. Plaintiff failed to establish a prima facie case for a violation of any federal protected right.

9. Plaintiffs are not entitled to the relief they are seeking.

10. Plaintiffs fail to show any direct causal link between defendant's actions or inactions and any alleged constitutional violation.

Respectfully submitted,

*s/ Lauren Ray*
**LAUREN RAY, OBA# 22694**
**LEXIE P. NORWOOD, OBA# 31414**
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
T:(405) 521-3921 | F:(405) 521-4518
lauren.ray@oag.ok.gov
lexie.norwood@oag.ok.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day January 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent to all counsel of record who are registered ECF participants.

s/ Lauren Ray
Lauren Ray

6