**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANIELLE ROSS, individually and as next of kin to MARQUIEL D. ROSS, deceased, and ESTATE OF MARQUIEL D. ROSS, ex rel., RACHEL MACON, as Administrator,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVEN HARPE, in his individual and official capacities as Director of the Oklahoma Department of Corrections, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-472-J |

## ORDER

On March 5, 2026, the Court noted that twelve named defendants and ten unidentified defendants had not been served, and the service deadline expired on December 11, 2025.  Plaintiffs were ordered to show cause why these parties should not be dismissed without prejudice.  [Doc. No. 29].  Plaintiffs responded on March 11, 2026.  [Doc. No. 30].  For the reasons discussed below, the Court finds that Plaintiffs have not provided good cause for their failure to serve these defendants and DISMISSES Kameron Harvanek, Brittany Chastang, FNU Hayes, FNU Killion, FNU Mooney, Tommy Stranahan, Kimberly Hall, Ashley Bills, Justin Jordan, Dustin Henry, Dustin Willbanks, Nanci Battles, and John and Jane Does 1-10, without prejudice.

## I.   Analysis

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading within ninety days from the complaint's filing.  *See* Fed. R. Civ. P. 4(c)(1), (m).  Failure to complete proper service within that time limit is grounds for dismissal of all claims against that party, absent good cause.  *See id.* ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice

against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.”).

Rule 4(m)’s “good cause” provision “should be read narrowly to protect only those plaintiffs who have been *meticulous* in their efforts to comply with the Rule.”  *Smith v. Lawton Pub. Schs.*, No. CIV-25-1046-G, 2026 WL 324621, at *1 (W.D. Okla. Feb. 6, 2026) (cleaned up; emphasis added).  Although good cause has not been conclusively defined, courts generally reject including “inadvertence or neglect” as good cause.  *Stillwell v. Neely*, No. CIV-24-282-D, 2024 WL 4437140, at *1 (W.D. Okla. Oct. 7, 2024) (same).

Here, Plaintiffs admit that they purposefully did not serve these parties based on a strategic decision.  That is, Plaintiffs argue that because the two served parties filed a motion to dismiss, which they believed could have “significantly affected the federal claims” against the unserved defendants,” their “decision to await the Court’s ruling before incurring the burden and expense of service . . . was reasonable.” [Doc. No. 30 at 3].  Plaintiffs then suggest that had the Court ruled on the motion to dismiss in a timelier manner, they could have served the remaining parties within the ninety-day time frame.  *See id.*  The Court finds no good cause in these circumstances.

First, the Court finds that it was unreasonable for Plaintiffs to believe that any ruling on the pending motion to dismiss would save them from the burdens of service.  Plaintiff states:

> [T]he motion to dismiss argued that Plaintiffs failed to identify what any individual defendant personally did, relied on impermissible collective pleading, failed to establish the required affirmative link between each individual defendant and the alleged constitutional deprivation, and failed to plead deliberate indifference.  It further asserted qualified immunity and argued that the Oklahoma tort claims were barred because the ODOC employees were acting within the scope of employment and the Amended Complaint failed to allege compliance with the Oklahoma Governmental Tort Claims Act.

[Doc. No. 30 at 2].

Assuming the Court granted the motion to dismiss on *all* those arguments, the conclusory allegations – which all related to Plaintiffs' constitutional claims – would have been dismissed without prejudice and the Court would have entertained a subsequent motion to amend.  So, unless Plaintiffs would have the Court believe that they would have simply walked away from their case without attempting any amendment, they would have had to serve defendants with the second amended complaint.  Moreover, it is unreasonable to believe that this Court would have granted unserved parties qualified immunity *sua sponte*, but even if it had, it would likely have been grounded in Plaintiffs' failure to state a valid claim for relief, which again, might have been cured through amendment.  Finally, while the Court did dismiss the state law claims, which would arguably apply to all the defendants, no unserved defendant was named solely in a state tort.  In sum, the Court finds no persuasive argument that Plaintiff's "reasonably" awaited the Court's ruling before pursuing service.

Second, even if Plaintiff's strategy had been reasonable, it was still a litigation strategy and strategy does not constitute "good cause."  *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (finding plaintiffs did not show good cause for their failure to timely serve, in part because "plaintiffs' affidavits reveal that they waited, apparently for strategic reasons, until the perceived last possible moment to serve defendant" and a "plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule"); *Stillwell*, 2024 WL 4437140, at *1 (finding that plaintiff had not shown good cause for failing to serve defendants where he made only one attempt at service and then "made a deliberate, strategic decision to delay service until he [was] ready to amend his Complaint."); *Onwuagba v. Garfield Cnty. Crim. Just. Auth.*, No. CIV-22-989-D, 2023 WL 2292125, at *1 (W.D. Okla. Feb. 28, 2023) (finding no good cause under Rule (m) because: "In this case, Plaintiff has made no attempt to serve the named defendants.

3

Instead, she apparently made a deliberate, strategic decision to delay service until she was ready to amend her Complaint.").  Plaintiffs disagree, arguing that "Courts recognize that good cause exists when a party reasonably awaits resolution of a motion that may dispose of claims or defendants. *Jones v. Azar*, 447 F.Supp.3d 1121, 1148 (D.N.M. 2020)." [Doc. No. 30 at 3].  But *Jones* found that "good cause exists to *stay discovery* during the pendency of the dispositive motions."  477 F.Supp.3d at 1137 (emphasis added).  Service, and whether it can be delayed for strategic reasons, was not discussed in *Jones.  See id.*, *passim.*  Moreover, Plaintiffs could have requested permission to stay the service deadline pending the motion's resolution, but they chose not to take such action.

Having found no good cause, the Court still must consider whether a permissive extension of time to complete service of process is warranted.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  A permissive extension of time may be appropriate where a statute of limitations or "policy considerations" "weigh in favor of granting a permissive extension of time." *Id.* at 842.  In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action;" (2) whether Plaintiffs tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an in forma pauperis petition."  *Id.* at 842 & n.8 (cleaned up).

The second and third factors do not apply here.  As for the statute of limitations, the events underlying the action occurred in September 2024 and a two-year statute of limitations exists for claims arising under 42 U.S.C. § 1983.  *See Schell v. Chief Just. & Justs. of Oklahoma Supreme Ct.*, 11 F.4th 1178, 1191 (10th Cir. 2021).  As Plaintiffs timely filed their original Petition and the

4

two-year statute of limitations has not expired, this factor does not require the Court to grant Plaintiffs a permissive extension of time.

## II.    Conclusion

For the reasons discussed above, the Court finds that Plaintiffs have not shown good cause for their failure to serve Kameron Harvanek, Brittany Chastang, FNU Hayes, FNU Killion, FNU Mooney, Tommy Stranahan, Kimberly Hall, Ashley Bills, Justin Jordan, Dustin Henry, Dustin Willbanks, Nanci Battles, and John and Jane Does 1-10 within the applicable time frame and finds no compelling reasons to grant a permissive extension of time.  As such, these defendants are DISMISSED without prejudice.

IT IS SO ORDERED on this 12th day of March, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE