**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DANIELLE ROSS, individually and as** | **)** | |
| **next of kin to MARQUIEL D. ROSS,** | **)** | |
| **ex rel., RACHEL MACON, as** | **)** | |
| **Administrator,** | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-25-472-CMS** |
| | **)** | |
| **STEVEN HARPE, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## <u>ORDER</u>

### I.   <u>Background</u>

Plaintiffs allege Marquiel D. Ross ("Ross") was incarcerated within the Oklahoma

Department of Corrections ("ODOC") on a non-violent offense.  He was transferred from

a minimum-security facility to the Oklahoma State Penitentiary ("OSP"), a maximum-

security facility.  Plaintiffs further allege Ross was placed in a cell there with Justin Harris

("Harris"), a known violent offender with a documented history of dangerous behavior.

Ross was held past his release date without cause and on September 12, 2024, he was found

dead in his cell.  Harris has been charged with Ross' murder.  Doc. 9 at 2.

### II.   <u>Procedural History</u>

#### A.   **Complaint and First Motion to Dismiss**

Plaintiffs originated this action by filing a Petition in Oklahoma County District

Court alleging constitutional and state law violations against (1) Steven Harpe, Director of

ODOC; (2) Christe Quick, Warden of the OSP; (3) John Doe/Kelli Davis, Warden of the

Jess Dunn Correctional Center; (4) John and Jane Does 2-10; and (5) ODOC.  Doc. 1-2

("Complaint").[1]

Upon a motion to dismiss by Defendants Harpe, Quick, Davis, and ODOC, Doc. 4

("First Motion to Dismiss"), the Court dismissed the following claims:

- for monetary damages alleged against Defendant ODOC and Defendants Harpe, Quick, and Davis in their official capacities under the Eleventh Amendment;

- for monetary damages alleged against Defendant ODOC and Defendants Harpe, Quick, and Davis in their official capacities as they are not "persons" under 42 U.S.C. § 1983;

- alleged against Defendant Doe/Davis in her individual capacity as apparently her inclusion was due to a "typographical error," Doc. 7 at 12;

- alleged against Defendants Harpe and Quick, in their individual capacities, for conclusory allegations as to both (1) their personal participation and (2) their exercise of control or direction or failure to train and/or supervise; and

- for declaratory and injunctive relief.

Doc. 9 at 3-9.  Additionally, the Court noted but did not address Defendants' argument that

Plaintiffs' state law claims should be dismissed due to Plaintiffs' "failure to specifically

allege compliance with the Oklahoma Governmental Tort Claims Act."  *Id.* at 9 n.8.

**B.    Motion to Amend**

In its order on Defendants' motion to dismiss the original complaint, the Court

permitted Plaintiffs to file a motion for leave to file an amended complaint.  *Id.* at 9.  The

---

[1] Although the state court pleading is entitled "Petition," the Court refers to it as the "Complaint."  Doc. 9; *see also Betterton v. World Acceptance Corp.*, No. CIV-22-238-SLP, 2023 WL 2914287, at *1 (W.D. Okla. Apr. 12, 2023).

motion was due not later than July 11, 2025.  *Id.*  On July 14, 2025, Plaintiffs filed an untimely motion to amend.  Docs. 10, 10-1.  The proposed amended complaint included dismissed parties and dismissed claims.  Doc. 13 at 2.  The Court denied the motion to amend but did so without prejudice and granted Plaintiffs "one last opportunity to seek amendment."  *Id.*  The Court further warned Plaintiffs that "repeated inclusion of dismissed parties and/or dismissed claims will likely result in any motion to amend being denied."  *Id.* (citation modified).  Plaintiffs' motion for leave to file an amended complaint was due not later than August 18, 2025.  *Id.*

### C.      Renewed Motion to Amend

On August 18, 2025, Plaintiffs timely filed their renewed motion to file an amended complaint, Doc. 14, which the Court granted, Doc. 15.

### D.      Amended Complaint and Second Motion to Dismiss

Plaintiffs timely filed an Amended Complaint bringing claims under 42 U.S.C. § 1983 and state law.  Doc. 16 ("Amended Complaint").  The Amended Complaint included claims against Defendant Harpe and Defendant Quick in their individual capacities.  The Amended Complaint also included claims against twelve additional named defendants and ten unidentified defendants.  *Id.*  Upon a motion by Defendants Harpe and Quick, Doc. 18 ("Second Motion to Dismiss"), on January 15, 2026, the Court dismissed numerous federal claims against Defendants Harpe and Quick on the basis that those claims were conclusory.  Doc. 22 at 4-12.  Additionally, the Court dismissed all state law claims against Defendants Harpe and Quick on the basis that Plaintiffs failed to properly allege compliance with the Oklahoma Governmental Tort Claims Act.  *Id.* at 13-14.

**E.    Show Cause Order**

After disposition of Defendant Harpe's and Quick's Second Motion to Dismiss, Defendants Harpe and Quick filed an Answer.  Doc. 23.  Shortly thereafter, the Court set the matter for a status conference on March 5, 2026, and ordered the Parties to file a Joint Status Report and Discovery Plan not later than February 23, 2026.  Doc. 24.

The Parties failed to comply with the Court's order and did not timely file a Joint Status Report and Discovery Plan.  As a result, the Court held a status conference, rather than a scheduling conference, and ordered Plaintiffs to show cause why twelve named defendants and ten unidentified defendants had not been served, despite the service deadline having expired almost three months earlier.  Docs. 25, 29.

After reviewing Plaintiffs' response to the show cause order, the Court found Plaintiffs had not shown good cause for their failure to serve the 22 defendants.  Doc. 31 at 2-4.  Further, the Court found a permissive extension of time to complete service was not warranted.  *Id.* at 4-5.  As such, on March 12, 2026, the Court dismissed the unserved defendants without prejudice.  *Id.* at 5.

**F.    Motion for Leave to File Second Amended Complaint**

On April 27, 2026, Plaintiffs filed a motion for leave to file a second amended complaint, Doc. 35, which is currently before the Court.  Defendants Harpe and Quick oppose the motion.  Doc. 38.

**III.    Discussion**

Federal Rule of Civil Procedure 15(a)(2) instructs a court to "freely give leave" to amend "when justice so requires."  As Plaintiffs note, "the Supreme Court has long

instructed that leave should ordinarily be denied only for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility." Doc. 35 at 3 (citation modified) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, the Court disagrees with Plaintiffs' assertion that "none of those concerns is present here." *Id.* (citation modified).

### A.    State Law Claims (dismissed claims)

Plaintiffs seek to cure "the pleading defect identified as to the state-law claims." *Id.* Plaintiffs argue they "had explained in their response brief that notice had in fact been provided," and, thus, the Court should grant leave to amend the curable pleading deficiency. *Id.* Plaintiffs, however, had been on notice since the filing of the first motion to dismiss on May 5, 2025, that they had failed to allege compliance with the Oklahoma Governmental Tort Claims Act. Doc. 4 at 29-30. On May 30, 2025, Plaintiffs explained that they had provided notice under the Act, but were not required to affirmatively plead the same. Doc. 7 at 23-24. As noted above, the Court did not reach the issue, but the Court expressly noted Defendants' argument that Plaintiffs' state law claims should be dismissed due to Plaintiffs' "failure to specifically allege compliance with the Oklahoma Governmental Tort Claims Act." *Id.* at 9 n.8.

Rather than simply allege in the Amended Complaint that they had complied with the Act, Plaintiffs again waited to assert compliance until responding to the Second Motion to Dismiss. Doc. 21 at 22-23. Because Plaintiffs had notice and ample opportunity to cure the pleading defect in the Amended Complaint, the Court finds justice does not require yet another opportunity to properly plead the state law claims.

### B.    Federal Claims against Defendants Harpe and Quick

Plaintiffs seek to "tailor[]" their pleadings to the theories against Defendants Harpe and Quick the Court has held sufficient to proceed and to clarify that Plaintiffs seek monetary relief against the individual defendants in their individual capacities only. Doc. 35 at 3.  Such tailoring is unnecessary and not required by justice.

### C.    Unserved Defendants (dismissed parties)

Plaintiffs also seek to amend their complaint to add the unserved defendants previously dismissed by the Court.  As the Court previously discussed, however, "failure to complete proper service within [the time limit provided under the Federal Rule of Civil Procedure 4] is grounds for dismissal of all claims against that party, absent good cause." *Id.* at 1.  And as set forth above, the Court did not find good cause why the unserved defendants should not be dismissed. *Id.* at 5.  Plaintiffs argue that permitting them to amend their complaint and bring claims against defendants "serves the interests of resolving the case on its merits rather than on a curable service problem." *Id*. at 4.  Plaintiffs' request, though, seeks to negate the Court's prior order—and is not well-taken.

### D.    Arguments that the amendment is timely, non-prejudicial, and not futile

Without deciding whether Plaintiffs' proposed amendments are futile, the Court disagrees with their other arguments. *See* Doc. 35 at 4-5.  Plaintiffs initiated this action in the Oklahoma County District Court more than a year ago, on April 7, 2025.  Doc. 1-2. Since that time, Plaintiffs have both failed to comply with the Court's orders and failed to prosecute the action against multiple defendants.  Defendants Harpe and Quick have already addressed the Complaint and the Amended Complaint.  Requiring them to address

a second amended complaint would be prejudicial.  Additionally, the Court's most recent order that dismissed the unserved defendants, Doc. 31, was issued more than six weeks before Plaintiffs' current motion.  Plaintiffs' assertion that their pending motion was "prepared promptly after the Court's January 15 and March 12 Orders" is unavailing.

## IV.    Conclusion

While litigating this action, Plaintiffs have had opportunities both to plead their state law claims adequately and to serve the unserved defendants timely.  The Court already granted Plaintiffs "one last opportunity to seek amendment." Doc. 13 at 2.  And the Court warned Plaintiffs in August 2025 that "repeated inclusion of dismissed parties and/or dismissed claims will likely result in any motion to amend being denied."  *Id.* (citation modified).  Justice does not require granting Plaintiffs yet another chance to do what they have failed to do thus far—and what they have been explicitly warned the Court will not permit.  Plaintiffs' motion for leave to file a second amended complaint, Doc. 35, is **DENIED**.

**IT IS SO ORDERED** this 19th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

7